UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIRST TENNESSEE BANK NATIONAL
ASSOCIATION,

                Plaintiff,                                  **REPORT AND RECOMMENDATION**

          -against-                                  10-CV-2219 (NGG) (ALC)

JONATHAN THAUSE,

                Defendant.
-----------------------------------------------------------------X
CARTER, UNITED STATES MAGISTRATE JUDGE:

## I.    Background

Plaintiff First Tennessee Bank National Association filed the complaint in this instant action on May 14, 2010 against Defendant Jonathan Thause to recover monies owing from a home equity line of credit. Plaintiff is a chartered bank with a principle place of business in Memphis, Tennessee. (Compl. ¶ 3.) Defendant Thause is a New York resident. (*Id*. ¶ 4.) Plaintiff avers that on April 6, 2005, Defendant entered into an agreement with Valley Bank, a Florida corporation, where Valley Bank agreed to issue Defendant a home equity line of credit ("the Agreement"). (*Id*. ¶ 5.) On or about June 9, 2008, Valley Bank assigned and transferred to Plaintiff all of its rights, interest, and title in the Agreement. (*Id*. ¶ 6.) Defendant has since breached the Agreement by failing to make the required payments. (*Id*. ¶ 8.)

On January 26, 2011, Plaintiff moved for an entry of default because Defendant has failed to answer or otherwise respond to the complaint. The Court's records also indicate that Defendant has not appeared or participated in this action. The clerk of court entered a notation of default on January 26, 2010. (Docket No. 11.) By order dated May 19, 2011, the Honorable Nicholas G.

1

Garaufis, United States District Judge, referred Plaintiff's motion for a default judgment to me for a report and recommendation. For the reasons set forth below, I respectfully recommend that the Court grant Plaintiff's request for a default judgment and grant damages and costs as specified below.

**II.     Discussion**

Fed. R. Civ. P. 55 sets forth a two-step process in which first a default, and then a default judgment, is entered. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The court clerk automatically enters the default pursuant to Fed. R Civ. P. 55(a) by noting the party's default on the clerk's record of the case. *See id.* After a default has been noted, the court enters a default judgment against a party that has failed to plead or otherwise defend an action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

While the defaulting party has essentially admitted to all the allegations found in the complaint, it remains the movant's burden to show that the uncontroverted facts establish liability on the defaulting party. *See Leider v. Ralfe*, No. 01-CV-3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (citing *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)). A plaintiff is entitled to all reasonable inferences of the evidence offered to the court. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Here, based on the facts alleged in the complaint, Plaintiff has adequately pled the claims.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). After assessing liability, the court must then conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In conducting an inquiry, the court need not hold a hearing "as long as it [has] ensured that there [is] a basis for the

damages specified in the default judgment." *Id.* The court may rely on affidavits or documentary evidence when evaluating the fairness of the damages requested. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) (collecting cases).

In support of its motion, Plaintiff submitted a copy of the Agreement (Affidavit of Larry Chapman, sworn to on January 12, 2011 "Chapman Aff.", Exh. A) and a copy of the note proving that Valley Bank assigned and transferred the rights to the Agreement to Plaintiff. (Chapman Aff., Exhs. B, C.) The Agreement shows that Valley Bank issued Defendant a home line equity of credit of $250,000 with an annual percentage rate of 7.00%. (Chapman Aff., Exh. A ¶¶ 9, 10.) The rate over the term of the loan through the date of default was a variable rate computed by adding a rate differential of 1.25% to the prime rate published by the Wall Street Journal. (Chapman Aff. ¶ 9.) Pursuant to the Agreement, Defendant was to make minimum payments within 30 days from the cycle closing date shown on his bill, where the minimum payments included finance charges that accrued on the outstanding balance of the loan during the preceding billing period. (Chapman Aff., Exh. A ¶ 7.) If the lender did not receive the minimum payment within 15 days after the billing date, the lender could levy a charge equal to 5.00% of the minimum payment amount, but not to exceed $5.00. (Chapman Aff., Exh. A ¶ 11.) If Defendant failed to make payments, the lender was allowed to accelerate payment of the entire debt. (Chapman Aff., Exh. A ¶ 16.) The lender is also entitled to reimbursement of attorneys' fees and expenses incurred due to any collection of indebtedness. (Chapman Aff., Exh. A ¶ 21.)

Plaintiff also submitted statements sent to Defendant that detail the original advance, payments, interest and late charges accrued. (Chapman Aff., Exh. D.) The documents show that Defendant has not made a payment since March 3, 2008. The statements further show that as of October 19, 2008, Defendant owed $261,782.97.

3

Accordingly, based upon the documentation provided and the terms of the Agreement, I respectfully conclude that Plaintiff has breached the Agreement and that the Court should award Plaintiff $261,782.97 for the amount owing under the Agreement. Plaintiff further requests interest on the principle amount of 9% commencing on October 19, 2008 and $450 in costs related to filing and service of process. I recommend that the Court grant Plaintiff the requested prejudgment interest and $450 in costs. *See Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998) (prejudgment interest is left to the discretion of the court).

### III. Conclusion

For the reasons stated above, I respectfully recommend that the Court grant Plaintiff's motion for default and award damages in the amount of $261,782.97 plus interest at a rate of nine percent per annum commencing on October 19, 2008 until the date judgment is entered. I further recommend that the Court award Plaintiff $450 in costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation on ECF. Extensions of time to file objections should be directed to Judge Garaufis. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on Defendant by certified mail, within three days of receipt, and should file proof of such service on ECF.

**SO ORDERED**

**Dated: July 19, 2011**
  **Brooklyn, New York**

/s/ ALC
_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**