FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FIRST TENNESSEE BANK NATIONAL
ASSOCIATION,

                                        Plaintiff,

              -against-

JONATHAN THAUSE,

                                        Defendant.

-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

MEMORANDUM & ORDER

10-CV-2219 (NGG) (ALC)

        Plaintiff First Tennessee Bank National Association ("First Tennessee") has moved for

default judgment against Defendant Jonathan Thause ("Thause"). (Docket Entry # 8.) The court

referred First Tennessee's motion to Magistrate Judge Andrew L. Carter, Jr. for a Report and

Recommendation ("R&R") and a damages inquest. (Docket Entry May 19, 2011.) On July 19,

2011, Judge Carter recommended that the court grant First Tennessee's motion and award First

Tennessee damages of $261,782.97 plus pre-judgment interest and $450.00 in costs. (R & R

(Docket Entry # 14).) For the reasons discussed below, the court denies First Tennessee's

motion without prejudice.

I.      BACKGROUND

        First Tennessee is a federally chartered bank with its principal place of business in

Memphis, Tennessee. Thause is a resident of the Eastern District of New York. (Compl.

(Docket Entry # 1) ¶¶ 3-4.) First Tennessee alleges that in April 2005, its predecessor-in-

interest, Valley Bank, extended a home equity line of credit to Thause. (Id. ¶ 5.) In 2008, Valley

Bank assigned and transferred its rights and interests in the agreement to First Tennessee. (Id.

1

¶ 6.) Also in 2008, First Tennessee alleges, Thause breached the credit agreement by failing to make required payments. (Id. ¶ 8.)

On May 14, 2010, First Tennessee filed its Complaint against Thause, alleging breach of contract. (Id. ¶ 5-9.) First Tennessee further alleged that Thause's residential address was 2203 Avenue X, Brooklyn, New York 11235. (Id. ¶ 4.) First Tennessee's process server left a copy of the Complaint and summons with an adult, "'John' Cohen," at the 2203 Avenue X address. (Aff. of Service (Docket Entry # 3).) Thause did not file an answer or other responsive pleading. First Tennessee reported in a letter to the court that, after it filed the suit, it entered into settlement negotiations with attorneys who "claimed to represent Jonathan Thause," but that those settlement negotiations foundered: "Of particular concern is that we [First Tennessee] have no specific representation from . . . the attorney who contacted our office . . . that he would actually be representing the defendant in the instant action." (Docket Entry # 4). No lawyer ever entered an appearance on behalf of Thause in this case.

On January 26, 2011, the Clerk of Court entered a notation of default against Thause. (Docket Entry # 11.) On January 26, 2011, First Tennessee moved for default judgment. (Docket Entry # 8.) On May 19, 2011, the court referred First Tennessee's motion to Judge Carter. (Docket Entry May 19, 2011.) First Tennessee mailed a copy of its motion to Thause at the 2203 Avenue X address. (Aff. of Service (Docket Entry # 13).) On July 19, 2011, Judge Carter issued his R&R. First Tennessee then mailed the R&R to Thause at the 2203 Avenue X address and—for the first time—at 2823 Avenue X, Brooklyn, New York 11235. (Aff. of Service (Docket Entry # 16).) Although Thause had not answered or filed any other pleading up to that point, once he received the R&R, Thause (acting pro se) sent a letter to Judge Carter in which he objected to being held liable for the alleged breach of contract. (Objection to R&R

2

(Docket # Entry 18).)  In the letter, Thause identified his residential address as 2823 Avenue X, and 2203 Avenue X as the address of his father's company's lawyer (the same lawyer who previously contacted First Tennessee).  (Id.)  According to Thause, he is not the owner of the underlying property.  (Id.)  Instead, he claims, his father and his father's business partner are the true owners, who "put the property under my name" although he had "nothing to do with the property or the mortgage on it."  (Id.)  Thause also states that the property is owned by "West Side Condo Inc.," and only the mortgage is in his name.  (Id.)  Accordingly, he argues that First Tennessee is "suing the wrong person."  (Id.)

## II.     LEGAL STANDARDS

The decision to grant default judgment "lies in the sound discretion of the trial court." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  However, default judgment can only be contemplated if the court has jurisdiction over the defendant and the defendant has been served with process properly.  See Wright, et al., Fed. Prac. & Proc. Civil 2d § 2682; see also De Santis v. City of New York, No. 10-cv-3508, 2011 WL 4005331, at *6 (S.D.N.Y. Aug. 29, 2011).  Defendants in federal court are served pursuant to Federal Rule of Civil Procedure 4, which permits service by the methods authorized by state law, Id. 4(e)(1), or by, inter alia, leaving a copy of the summons and complaint at the defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," Id. 4(e)(2)(B).  New York State law allows service through the delivery of the summons and complaint to a person of a suitable age and discretion at the defendant's dwelling or abode, with the added requirement that the plaintiff also mail the summons to the defendant at his last known residence.  N.Y. C.P.L.R. § 308(2).  While "dwelling house" and "place of abode" are terms that "have eluded any hard and fast definition," the location of service must have "sufficient indicia of permanence" as to

3

the defendant's presence there. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991). A process server's affidavit "establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [a defendant] was properly served with the complaint." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002).

## III.    DISCUSSION

On the record before it, the court is not convinced that it should exercise its discretion to grant default judgment. Although the Complaint and the affidavit of First Tennessee's process server list 2203 Avenue X as Thause's residential address, neither provides any "indicia of permanence" to support the claim that this address was Thause's dwelling place. See Nat'l Dev. Co., 930 F.2d at 257. On the other hand, Thause's own submission—unsworn, but read liberally as befits a pro se submission—lists his address as 2823 Avenue X, and states that 2203 Avenue X is a lawyer's office. (Objection to R&R.) Furthermore, the fact that Thause responded promptly when served at 2823 Avenue X leads to an inference that he had not seen the documents served at the other address. Thause claims that 2203 Avenue X is the location of his father's corporation's attorney, (Objection to R&R); if true, then the attorney located there is not qualified to receive service of process on Thause's behalf. These facts are sufficient to overcome the deference the court usually would give to a process server's affidavit of service. It is true that, as First Tennessee points out, Thause's pro se letter does not deny receiving the earlier filings in this case. (Docket Entry # 17.) However, if Thause was never served properly, he might not be aware of the earlier filings, and moreover, even if Thause received notice of the suit through an acquaintance who received the suit at 2203 Avenue X, service of process would still

4

be improper if the 2203 Avenue X address was not Thause's actual dwelling at the time of attempted service. See Macchia v. Russo, 67 N.Y.2d 592, 594 (1986).

Unconvinced that service was proper, and aware that a default judgment against an unserved defendant would be a nullity subject to vacatur under Federal Rule of Civil Procedure 60(b), the court gives Thause forty-five days from the date of this order to file a motion to dismiss under Rule 12(b)(5) for insufficiency of service of process, which filing should include a sworn affidavit addressing Thause's connection to the 2203 Avenue X address.  First Tennessee's motion for default judgment is denied without prejudice.  First Tennessee may renew the motion if Thause does not file for dismissal for improper service within forty-five days.  First Tennessee shall serve a copy of this order on Thause at both the 2823 Avenue X and 2203 Avenue X addresses.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES without prejudice Plaintiff First Tennessee's motion for default judgment and its motion for damages.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
        September ⁀7 , 2011

NICHOLAS G. GARAUFIS
United States District Judge