```
                                                                    FILED
                                                               IN CLERK'S OFFICE
                                                            U S DISTRICT COURT E.D.N.Y.

                                                              ★ FEB 03 2012 ★
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    BROOKLYN OFFICE
  FIRST TENNESSEE BANK NATIONAL
  ASSOCIATION,                                                      **ORDER**

                              Plaintiff,                       **10-CV-2219 (NGG) (SMG)**

       -against-

  JONATHAN THAUSE,

                              Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

   Plaintiff First Tennessee Bank National Association ("First Tennessee") moves the court

for an extension of time so that it may attempt to perfect service against Defendant Jonathan

Thause ("Thause"). (Docket Entry # 24.) First Tennessee also asks the court to order Thause to

accept service. For the reasons discussed below, First Tennessee's request for extension of time

is GRANTED, and its request for an order requiring Thause to accept service is DENIED.

   On May 14, 2010, First Tennessee filed its Complaint against Thause, alleging breach of

contract. (Compl. (Docket Entry #1) at ¶ 5-9.) On January 26, 2011, First Tennessee moved for

default judgment. (Docket Entry # 8.) The court denied First Tennessee's motion for default

judgment without prejudice because the court was unconvinced that Thause had been properly

served; the court gave Thause forty-five days to move for dismissal for lack of service of process

pursuant to Federal Rule of Civil Procedure 12(b)(5). (Sept. 27, 2011 Mem. & Order (Docket

Entry # 20) at 4-5.) Thause filed a motion to dismiss for lack of service of process on November

8, 2011. (Docket Entry # 22.)

   First Tennessee's response to Thause's motion is to ask for a forty-five extension of its

time to serve Thause, so that it can perfect service. (First Tennessee Jan. 27, 2012 Resp. (Docket

1

Entry #24) at 1-2.) First Tennessee's reasoning is as follows: a dismissal for failure to effectuate service is a dismissal without prejudice, meaning First Tennessee would be free to file a new suit against Thause over the same breach of contract. (Id. at 1.) First Tennessee represents that the statute of limitations on its claim has not yet run. (Id. at 2.) First Tennessee also claims that it had good cause for its failure to properly serve Thause earlier, in that, after it initially attempted service, a lawyer did contact First Tennessee's office purporting to represent Thause. (Id.)

The court concludes that dismissing First Tennessee's suit against Thause at this juncture would be a waste of judicial and litigant resources. Therefore, the court will GRANT First Tennessee's motion forty-five additional days to attempt to perfect service against Thause. The court will hold Thause's motion in abeyance for this period. However, the court DENIES First Tennessee's request for an order directing Thause to accept service. First Tennessee must attempt to perfect service against Thause as it would against any other defendant.

SO ORDERED.

Dated: Brooklyn, New York
February 1, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge